UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCIS M. DOUGHTY,

        Plaintiff,

  v.

DELAWARE PARK MGMT. COMPANY, LLC, et al.,

        Defendants.

Civ. No. 20-cv-17896-NLH-SAK

**OPINION**

MICHAEL M. MULLIGAN
317 SHELL ROAD
P.O. BOX 432
CARNEYS POINT, N.J. 08069

   *On behalf of Plaintiff*

DEAN G. ARONIN
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
88 PINE STREET, 21ST FL.
NEW YORK, NEW YORK 10005

   *On behalf of all Defendants*

**HILLMAN**, **District Judge**

    Presently before the Court is Defendants Delaware Racing Association (incorrectly s/h/a Delaware Park Mgmt. Company, LLC) and William M. Rickman, Jr.'s (collectively "Defendants") Motion to Dismiss Plaintiff's Amended Complaint for failure to comply with Federal Rule of Civil Procedure 4(d)(1)(C) and 4(m), as well as pursuant to Rules 12(b)(5) and 12(b)(6), for failing to

state a claim upon which relief can be granted, for suing the wrong entity, and for improperly suing an individual member of an LLC.  For the reasons expressed below, Defendants' Motion will be denied in part and denied without prejudice in part.

## BACKGROUND

On December 3, 2020, Plaintiff filed a Complaint against Delaware Park Management Company, LLC ("Delaware Park Management"), Delaware Park, Delaware Racing Association, and John Does I-X (representing "fictitious party references to unknown business entities or persons involved in the business operations of Delaware Park Casino") alleging that Defendants were negligent in installing a particular segment of carpet in the Delaware Park Casino, ("Casino").[1]  Plaintiff further alleges that on December 6, 2018, while a patron of the Casino, she

---

[1] This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  On December 4, 2020, this Court ordered Plaintiff to show cause due to the Complaint's insufficient allegations regarding the citizenship of each of the Defendants, requiring Plaintiff to amend the complaint within 10 days.  (ECF No. 4).  On January 10, 2021, Plaintiff filed an Amended Complaint, this time naming Delaware Park Management, William Rickman, Jr., and John Does I-IX as Defendants.  (ECF No. 5).  Plaintiff alleged that Delaware Park Management Company, LLC was "founded" under the laws of Delaware and had its principal place of business in Delaware, allegations irrelevant to determining diversity jurisdiction.  (ECF No. 5 at 1-2).  However, the Amended Complaint also alleges the sole member of Delaware Park Management, William Rickman, Jr., is a citizen of Florida, (Id. at 2), establishing both Rickman's and Delaware Park Management's citizenship as Florida.  As Plaintiff is alleged to be a citizen of New Jersey, there appears to be complete diversity of citizenship between the parties.

tripped and fell due to the "excessive friction" the carpet provided against Plaintiff's footwear, causing her personal injury. (ECF No. 1 at 2-3).

On April 15, 2021, Plaintiff requested a waiver of service of summons from Defendants. (ECF No. 6 at Ex. C, pg. 1). Defendants then filed a motion to dismiss on April 27, 2021, alleging that Plaintiff failed to comply with the service requirements of Rules 4(d)(1)(C) and 4(m) by failing to provide two copies of the waiver, the prepaid method of return, and for serving Defendants outside of the required 90-day period. (ECF No. 6 at pgs. 4, 10-11 of 14). Defendants also assert that Plaintiff named the incorrect party, claiming Delaware Racing Association, not Delaware Park Management Company LLC, is the proper party for this suit. (Id. at pgs. 1 and 4.) Likewise, Defendants also argue Plaintiff improperly sued Rickman, an individual member of the LLC, without a basis for naming him as a Defendant. (Id. at pgs. 1 and 10). Defendants' motion also requests dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing the Amended Complaint fails to present a prima facie case of negligence. (Id. at pgs. 3-4).

Plaintiff provided a letter in lieu of a legal brief in opposition to Defendants' motion to dismiss on May 12, 2021. (ECF No. 7). Plaintiff's opposition brief centers on the issue

of personal jurisdiction, asserting arguments regarding Defendants' contacts with the State of New Jersey. (Id.).

## DISCUSSION

### I. Standard of Review

**a. Standard for Dismissal Pursuant to Rule 4(m)**

Federal Rule of Civil Procedure 4 provides instructions on the proper service of process for plaintiffs, stating in relevant part that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts evaluate a plaintiff's non-compliance with Rule 4(m) by considering three factors which determine whether good cause exists: (1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. Karlsen v. Geico, No. 20-4060, 2020 WL 747817, *1 (D.N.J. Dec. 18, 2020) (internal citations omitted). Good cause has also been equated with the concept of excusable neglect, which requires a good faith demonstration on the part of a party seeking an extension from the court and some reasonable basis for noncompliance with the 90-day window for

service.  See MCI Telecomms. Corp. v Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

Additionally, a "district court *must* consider whether any other factors warrant extending time even [if] good cause was not shown." Veal v. United States, 84 Fed. Appx. 253, 256 (3d Cir. 2004) (quoting Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 13015 (3d Cir. 1995)) (emphasis in original).  In other words, the court must use its discretion to determine whether dismissing the action would be inappropriate, and "[i]n making that determination, a court is to consider several factors, including whether the statute of limitations would foreclose the plaintiff from re-filing, whether the defendant attempted to evade service, and any other relevant equitable considerations." Mathies v. Silver, 450 F. App'x 219, 222 (3d Cir. 2011) (internal citations omitted).

Moreover, lack of compliance with Rule 4 implicates Rule 12(b)(5) which "permits dismissal of a complaint when a plaintiff fails to effect service of process in a fashion compliant with Rule 4." Ligget v. Borough of Brownsville, No. 14-1086, 2015 WL 2238605, *6 (W.D. Pa. May 12, 2015).

### b. Standard for Dismissal Pursuant to Rule 12(b)(5) Insufficiency of Service of Process

Because "failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the

defendant in a civil case is fatal to the plaintiff's case," Witasick v. Estes, No. 11-3895, 2012 WL 3075988, *2 (D.N.J. July 30, 2012) (quoting Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996)), the court's first determination must be whether Plaintiff properly served Defendants because if the Defendants were not properly served, the action may be dismissed under Rule 12(b)(5) for insufficient service of process.  (Id.; see also Fed. R. Civ. P. 12(b)(5)).

Plaintiffs carry the burden of proof to demonstrate the validity of service.  See Witasick, 2012 WL 3075988, at *2.

## II.  Analysis

Because insufficient process is "fatal" to a case at the outset, the Court's analysis here focuses on whether Plaintiff's efforts to serve Defendants were sufficient to warrant the case's survival, rather than prematurely reviewing the underlying allegations on the merits.  It is clear from the face of the docket that Plaintiff has not complied with Rule 4(m).  Plaintiff filed their original Complaint on December 3, 2020 and responded to the Court's Order to Show Cause (which was filed on December 4, 2020) regarding Defendants' citizenship for a determination of diversity jurisdiction on January 10, 2021.  (ECF Nos. 1, 4, and 5).  The Amended Complaint named a new Defendant, namely Rickman.  Thus, 95 days passed between the date Plaintiff filed the Amended Complaint (January 10, 2021) to

the date Plaintiff's counsel emailed Defendants' counsel for a Request to Waive Service of Process (April 15, 2021). Plaintiff plainly exceeded Rule 4(m)'s 90-day requirement.

As previously noted, Rule 4(m) requires dismissal for noncompliance with the Rule unless good cause is shown or the court, in its discretion, provides an extension of time for proper service. In determining whether good cause has been shown, the court must look at the reasonableness of Plaintiff's efforts to serve, prejudice to the defendant by lack of timely service, and whether plaintiff moved for an enlargement of time to serve. Karlsen v. Geico, No. 20-4060, 2020 WL 747817, *1 (D.N.J. Dec. 18, 2020) (internal citations omitted).

Based on the record before this Court, Plaintiff's efforts to serve Defendants appears to be an email sent to Defendants' counsel on April 15, 2021, (ECF No. 6, Exhibit C, pg. 1), requesting a waiver of service. While email is commonly used to effect service when there is agreement to use this method between the parties, Defendants' motion is right to argue for dismissal as Defendants did not accept the waiver and Plaintiff failed to otherwise conform with Rule 4(m). There is no additional information from Plaintiff or elsewhere in the record as to whether other efforts were made to serve Defendants during the 90-day period.

However, despite the alleged deficiencies, Defendants were

not prejudiced by the lack of timely service, as the waiver was emailed just 5 days past the deadline and Defendants were able to file a Motion to Dismiss within days of its arrival.  (See ECF No. 6).  Granted, Plaintiff's counsel has not moved for an enlargement of time.  Nor has Plaintiff's counsel addressed the deficiency of service at all in any subsequent communication or briefing to the Court.  (See Docket, ECF Nos. 5 and 7).

Thus, the record directs the Court to consider whether Plaintiff's lack of compliance with Rule 4(m) can be accounted under "excusable neglect."  To demonstrate "excusable neglect," the offending party must demonstrate good faith in its efforts to obtain an extension from the court and there must be some reasonable basis for noncompliance with the 90-day window for service.  See MCI Telecomms. Corp., 71 F.3d at 1097.  Here, there was no good faith demonstration or reasonable basis for noncompliance simply because Plaintiff's counsel has not sought an extension nor has explained any rationale as to why there was a delay in serving Defendants' counsel with the request to waive service.

If the "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Vorpahl v. Kullman Law Firm, No. 17-1693, 2018 WL 813879, *2 (D.N.J. Feb. 8, 2018), Plaintiff in this case has not provided much for the Court to evaluate.  Plaintiff failed to communicate any reason

for its untimeliness and has been late to respond to this Court's previous order.[2]

However, the Court's analysis does not stop simply after assessing good cause. The Court must, in its discretion, consider the equity of providing an extension of time versus dismissal, even when good cause is not shown. Veal v. United States, 84 Fed. Appx. 253, 256 (3d Cir. 2004) (quoting Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 13015 (3d Cir. 1995)); see also Mathies v. Silver, 450 Fed. Appx. 219, 222 (3d Cir. 2011). Some factors that are considered are whether plaintiffs are pro se, or whether Defendants are intentionally dodging service of process. These factors, if present, often weigh in favor of the Court using discretion to extend the time to serve. They are not present here.

In the instant case, Defendants are not evading service, and even put Plaintiff on notice of the alleged deficiencies of service, as well as alerting the Plaintiff that she is potentially suing the incorrect entity. (EFC No. 6, at pgs. 4, 10-11).[3] The Plaintiff is represented by counsel and is not

---

[2] The Court notes that Plaintiff responded to the Order to Show Cause past its 10-day due date. (See ECF No. 4&5).

[3] The Court notes that Plaintiff has not addressed any of Defendants' points presented in their Motion to Dismiss. (Cf. ECF No. 6 to ECF No. 7).

pursuing the matter pro se.

Nonetheless, a significant equitable factor weighing for discretion to extend Plaintiff's time to properly serve Defendants is the fact that Plaintiff's negligence claims would be past the statute of limitations provided by N.J. Rev. Stat. § 2A:14-2 (2019), which affords a two-year period to bring suit for a personal injury caused by neglect or wrongful act.  Thus, if the Court were to dismiss the matter, even without prejudice, the statute of limitations may have passed on Plaintiff's claims, thus foreclosing Plaintiff's ability to maintain an action even with appropriate service.

Against this record, the Court's decision is clear as the Third Circuit prefers for decisions to be made "on the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).  Given that the Defendants are aware of the existence of the suit, and Plaintiff missed the Rule 4(m) deadline by a mere 5 days, and that dismissing the case might preclude Plaintiff from re-filing, the Court will, in its discretion, grant an extension for Plaintiff to provide proper service to Defendants.

## CONCLUSION

For the reasons expressed above, Defendants' Motion to Dismiss, (ECF No.6), will be denied.  Plaintiff is granted an extension of thirty (30) days to properly serve Defendants in

compliance with Rule 4.

In light of this disposition, the Court need not, and should not, address the other bases for dismissal sought by Defendants until, and only until, Plaintiff properly serves the relevant parties.  Only when a plaintiff achieves valid service of process does the court have personal jurisdiction over a defendant.  Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996)(a court must have both subject matter jurisdiction and personal jurisdiction over a defendant before rendering judgment).

The remainder of Defendants' motion will, therefore, be denied without prejudice.  If, and when, Defendants are properly served or waive service, they may refile their motion to dismiss on the merits by either: a) filing a new motion or b) filing a letter on the docket requesting that the prior motion be reinstated.

An appropriate Order will be entered.


Date: March 31, 2022         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.